28 F.3d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tonja Charletta CASH, Defendant-Appellant.
 No. 93-5896.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 7, 1994.
Decided July 8, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Sr., District Judge. (CR-93-142)
 William E. Martin, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, NC, for appellant.
 Benjamin H. White, Jr., U.S. Atty., Sandra J. Hairston, Asst. U.S. Atty., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before PHILLIPS and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Pursuant to a plea agreement, Tonja Charletta Cash entered a guilty plea to one count of being an accessory after the fact in a bank robbery, 18 U.S.C.A. Sec. 3 (West Supp.1994), in that she assisted her boyfriend, Clyde Penny, Jr., to hinder or prevent his apprehension for the robbery. The district court departed upward on the ground that Cash's criminal history category was inadequate. United States Sentencing Commission, Guidelines Manual, Sec. 4A1.3 (Nov.1992). She received a sentence of thirty-seven months. Cash appeals her sentence, contending that the district court failed to explain its reasons for departing from criminal history category I to category IV, and that the extent of the departure was unreasonable. We affirm.
 
 
 2
 After her arrest, Cash admitted that in a period of four days leading up to the bank robbery, she assisted Penny in robbing two shoe stores and two gas stations. At least three of these robberies were committed at gunpoint. She and Penny also broke into the home of one of Cash's friends, and stole several items.
 
 
 3
 Cash participated in the bank robbery by casing several banks for Penny, writing the demand note which contained a death threat, and waiting in her car with her two children while Penny robbed the bank. She drove Penny away from the bank after the robbery, and then they went shopping with the robbery proceeds.
 
 
 4
 Cash had one prior conviction for a minor offense. Her offense level was fifteen, her criminal history category was I, and her guideline range was 18-24 months. At the time Cash was sentenced, state charges were pending against her for felonious armed robbery and felonious breaking and entering. She also had pending charges for worthless checks. These offenses did not enter into her sentence calculation. However, the probation officer suggested that an upward departure under either guideline section 4A1.3 (for inadequate criminal history) or section 5K2.0 (for participation in the bank robbery with children present as an aggravating factor) might be appropriate. The probation officer observed that Cash's guideline range would have been 37-46 months had she been convicted of bank robbery.
 
 
 5
 At the sentencing hearing, the district court determined that category I under-represented Cash's criminal history and departed upward to impose a sentence of thirty-seven months. Cash opposed a departure. The district court reconvened the sentencing hearing later the same day to complete the record, at which time it explained that it had departed to criminal history category IV, which yielded a guideline range of 30-37 months, and gave its reasons for bypassing criminal history categories II and III. The court cited Cash's uncounted offenses, and stated that each lower category failed to represent sufficiently the seriousness of her criminal background.
 
 
 6
 On appeal, Cash claims that the extent of the departure is unreasonable, and that the district court failed to comply with United States v. Rusher, 966 F.2d 868, 884 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S.1992), in that it did not explain why categories II and III were inadequate. Cash asserts that the district court chose a sentence of thirty-seven months to punish her for participating in the bank robbery, thus improperly infringing on the prosecutor's charging authority.
 
 
 7
 We find that the district court complied sufficiently with the requirements of Rusher. It provided an explanation of its reasons for rejecting categories II and III which was adequate in light of the charges pending against Cash. Had Cash been sentenced for her state offenses prior to her sentencing on the federal charge, she could have accumulated six additional criminal history points even if the robberies, which were crimes of violence, were treated as related cases. See U.S.S.G. Secs. 4A1.1(f), 4A1.2, comment. (n.3). Seven criminal history points would have put her in criminal history category IV. We find, therefore, that the court did not abuse its discretion in determining the extent of the departure. United States v. Hummer, 916 F.2d 186, 192 (4th Cir.1990), cert. denied, 499 U.S. 970 (1991).
 
 
 8
 Accordingly, the sentence imposed by the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED